IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **RANDOLPH FRAZIER,** individually and on behalf of similarly situated persons,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>**SAVANNAH-CHATHAM COUNTY PUBLIC SCHOOL SYSTEM,**<br><br>　　　　　　　Defendant. | Case No. ___CV 423-346___<br><br>**Collective Action Complaint**<br><br>**Jury Demanded** |

**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF
THE FAIR LABOR STANDARDS ACT**

Plaintiff RANDOLPH FRAZIER ("Plaintiff"), individually and on behalf of all other similarly situated bus drivers, brings this Complaint against Defendant, SAVANNAH-CHATHAM COUNTY PUBLIC SCHOOL SYSTEM (hereinafter "SCCPSS"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* as a result of not paying proper overtime compensation due to certain bonuses not being included in the regular rate of pay.

**I.    Nature of Case**

1.    Defendant, SCCPSS, is a school district within the State of Georgia which employs bus drivers to transport students to and from schools.

2.    SCCPSS employs numerous bus drivers such as Plaintiff who help transport these students.

3.    SCCPSS paid these bus drivers an hourly wage, plus paid them certain

1

bonuses at different times throughout the school year.

4. However, when SCCPSS paid these bus drivers overtime compensation, it did not include all non-discretionary bonuses into the regular rate of pay, in violation of the FLSA. *See* 29 U.S.C. § 207(e), and 29 C.F.R. § 778.208.

## II. Parties

5. At all times relevant to this action, SCCPSS, is and was a school district in Georgia subject to the FLSA.

6. Plaintiff is a current bus driver for SCCPSS and has worked for them as a bus driver for several years.

## III. Jurisdiction & Venue

7. The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

8. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

9. All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

## IV. General Factual Allegations

10. At all material times, SCCPSS is/was subject to the FLSA's provision on overtime wages.

11. Plaintiff and the other similarly situates bus drivers were paid an hourly rate of pay plus certain bonuses.

12. Some of these bonuses were related to attendance, while some were retention bonuses.

13. However, throughout Plaintiff and the other bus drivers' employment, Defendant failed to include all bonuses in the regular rate of pay pursuant to the FLSA.

14. Thus, when Defendant paid its bus drivers overtime compensation for overtime hours worked, it paid them at an overtime rate lower than what is required under the FLSA.

15. Defendant carried out their pattern and practice of failing to pay full overtime wages knowingly and willfully.

16. Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §§ 201-219, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

17. In light of the foregoing, Plaintiff and the other bus drivers are entitled to liquidated damages in addition to their unpaid overtime wages.

18. Plaintiff and the bus drivers have incurred and are continuing to incur reasonable attorneys' fees and costs and are entitled to reimbursement for same.

**V.   Collective Action Allegations**

19. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated bus drivers pursuant to 29 U.S.C. § 216(b).

20. The class is defined as follows: "All non-exempt bus drivers who worked for Defendant from April 4, 2020 to December 6, 2023."

21. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

22. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to include all non-discretionary bonuses into their regular rate of pay for calculating overtime compensation.

23. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action via mail.

24. Plaintiff and all of Defendant's bus drivers are similarly situated in that:

   a) They have worked as bus drivers for Defendant;

   b) They were all compensated in the same manner, i.e. by Defendant paying them by the hour plus non-discretionary bonuses; and

   c) They were all subject to Defendant's practice of not including all such non-discretionary bonuses into the regular rate of pay.

**Count I – Violation of the Fair Labor Standards Act of 1938**

25. Plaintiff, individually and all those similarly situated, hereby incorporate by reference the allegations contained in Paragraphs 1-24 above.

26. Plaintiff and the other bus drivers are/were entitled to be paid full overtime wages at the correct overtime rate for each hour worked during their employment with Defendant.

27. Plaintiff and the other bus drivers did not receive the full overtime wage

contrary to the FLSA as a result of Defendant's improper practice and policy of not including all non-discretionary pay into the regular rate of pay when paying Plaintiff and bus drivers their overtime compensation earned.

28. As a result of Defendant's improper policy and practice, Plaintiff and the other bus drivers have not received the full overtime wages earned by them during one or more weeks of their employment with Defendant.

29. Defendant carried out its pattern and practice of failing to pay full overtime wages knowingly and willfully.

30. Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §§ 201-219, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

31. As a direct and proximate result of Defendant's underpayment of overtime wages, Plaintiff and the class members have been damaged in the loss of overtime wages earned under the FLSA.

32. As a result of Defendant's willful violation of the FLSA, Plaintiff and the bus drivers are entitled to liquidated damages and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands an Order awarding:

(a) payment to Plaintiff and all bus drivers of overtime compensation owed to them by Defendant;

(b) an equal amount of liquidated damages, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law; and

(c) reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiff in prosecuting this case.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 7th day of December, 2023.

**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave, 15th Floor
Orlando, FL 32801
T: (407) 420-1414
F: (407) 245-3401
E:  RMorgan@forthepeople.com
*Attorneys for Plaintiff*
